# EXHIBIT B

WILSON TURNER KOSMO LLP
ROBERT A. SHIELDS (206042)
HANG ALEXANDRA DO (305839)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
Email: rshields@wilsonturnerkosmo.com
Email: hdo@wilsonturnerkosmo.com
Email: warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/20/2022 at 06:17:00 PM
Clerk of the Superior Court
By Keira McCray, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| WILEY M. PARKER, an individual and JESSICA LEE PARKER, an individual, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>FORD MOTOR COMPANY; and DOES 1 through 50, inclusive, <br><br>　　　　Defendants. | Case No. 37-2022-00014544-CU-CO-CTL <br>**[IMAGED FILE]** <br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT** <br><br>Complaint Filed: April 19, 2022 <br><br>Dept.: 　　C-67 <br>Judge: 　　Hon. Eddie C. Sturgeon <br>Trial Date: Not set |

　　　　Defendant FORD MOTOR COMPANY ("Defendant") hereby responds to the Complaint ("Complaint") filed by Plaintiffs WILEY M PARKER and JESSICA LEE PARKER ("Plaintiffs") as follows:

　　　　Pursuant to California *Code of Civil Procedure* section 431.30, Defendant hereby generally denies each and every allegation in the Complaint and further denies that Plaintiffs has been damaged in any sum whatsoever.

///

///

///

///

1
DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

## FIRST AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

Plaintiffs' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## SECOND AFFIRMATIVE DEFENSE
### (Comparative Fault)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiffs' failure to conduct themselves in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and business. The contributory negligence and fault of Plaintiffs diminishes any recovery herein.

## THIRD AFFIRMATIVE DEFENSE
### (Contributory Negligence of Third Parties)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than this answering Defendant, by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Contributory negligence and fault of persons and/or parties, other than this answering Defendant, diminishes any recovery from this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Any cause of action alleged in the Complaint is barred by the statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 338.1 and 340 and/or Commercial Code section 2725.

///
///
///
///

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiffs' failure to mitigate damages. Plaintiffs' failure to mitigate damages diminishes any recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is informed and believes and based thereon alleges that Plaintiffs have engaged in conduct and activities sufficient to estop them from asserting all or any part of the claim set forth in Plaintiffs' Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant is informed and believes and based thereon alleges that the claims and relief sought by Plaintiffs are barred by reason of the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Defendant is informed and believes and based thereon alleges that the Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Defendant is informed and believes and based thereon alleges that the Plaintiffs waited an unreasonable period of time to complain of the alleged acts or omissions at issue in the Complaint so as to prejudice this answering Defendant. Plaintiffs are therefore guilty of laches and are barred from recovery.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

Defendant is informed and believes and based thereon alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiffs' failure to perform as required by the contract and/or warranty. Plaintiffs' performance was a condition precedent to the performance of Defendant's obligations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendants. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendants or any of their agents, servants, or employees, thereby barring Plaintiffs' recovery herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action for Civil Penalties)

The Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Civil Penalties)

Any cause of action alleged in the Complaint seeking civil penalties is barred by the statute of limitations contained in the Code of Civil Procedure, specifically, section 340.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The repair process to Plaintiffs' vehicle was appropriate and proper and is believed to have been done with Plaintiffs' consent.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Abuse or Failure to Maintain)

Plaintiffs are barred from recovery by virtue of Civil Code section 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code 1791.1(c)-Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code section 1791.1(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiffs are precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act as Plaintiffs failed and refused to provide a reasonable opportunity to repair.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Defendant maintains a third party dispute resolution process which substantially complies with Civil Code section 1793.22. Defendant is informed and believes, and based thereon alleges, that Plaintiffs received timely and appropriate notice of the availability of the process. Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code section 1793.2 and from recovering civil penalties pursuant to Civil Code section 1794(e).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

Defendant is informed and believes, and based thereon alleges, that Plaintiffs failed to provide notice to this answering Defendant pursuant to Civil Code section 1794(e)(3). Plaintiffs are therefore barred from asserting the presumptions set forth in Civil Code section 1793.22 and from recovering civil penalties pursuant to Civil Code section 1794(e).

///

///

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

Defendant is informed and believes, and based thereon alleges, that Plaintiffs entered into a binding arbitration agreement with Defendant Ford and/or the dealership from which Plaintiffs purchased the vehicle. Defendant, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Because Plaintiffs cannot establish any physical injury directly resulting from any alleged defect or nonconformity in the subject vehicle, Plaintiffs' claims are barred in whole or in part by the economic loss rule.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Prevention of Performance)

Because Plaintiffs' actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiffs' claims are barred in whole or in part by the prevention of performance doctrine.

## PRAYER

WHEREFORE, Defendant FORD MOTOR COMPANY prays as follows:

1. That Plaintiffs take nothing by way of their Complaint on file herein;
2. That judgment be entered in favor of Defendant for costs of suit; and,
3. For such other and further relief as the Court may deem just and proper.

Dated: May 20, 2022

**WILSON TURNER KOSMO LLP**

By: _____
Robert A. Shields
Hang Alexandra Do
Attorneys for Defendant
FORD MOTOR COMPANY

# PROOF OF SERVICE

*Wiley M. Parker, et al. v. Ford Motor Company*

Case No.: 37-2022-00014544-CU-CO-CTL

I, the undersigned, declare as follows:

I am employed with the law firm of WILSON TURNER KOSMO LLP, whose address is 402 West Broadway, Suite 1600, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

On May 20, 2022, I served the following document(s), bearing the title(s):

1. **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

☒  by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Benjeman Beck<br>Carey Wood<br>Lara Rogers<br>Consumer Law Experts, PC<br>5757 West Century Boulevard, Suite 500<br>Los Angeles, CA 90045 | Attorneys for Plaintiffs,<br>*Wiley M. Parker and Jessica Lee Parker*<br><br>Tel: (310) 442-1410<br>Fax: (877) 566-8828<br>Email: ben@nolemon.com<br>Email: carey@nolemon.com<br>Email: lara@nolemon.com<br>Email: service@nolemon.com |

☒  (By **E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐  (By **OVERNIGHT CARRIER – NEXT DAY DELIVERY**) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed it to the person listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2022 at San Diego, California.

*Chelsie M Hughes*

_____
Chelsie Hughes